**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 19, 2014

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims ("Agreement") is made and entered into by and between Plaintiff Pablo Tobias Navarro ("Plaintiff") on the one hand, and PGM New York, Inc. ("PGM" or the "Company") and Claude Philip Godard ("Godard"), on the other hand.

WHEREAS, Plaintiff filed an action in the United States District Court for the Southern District of New York, Civil Action No. 12-CV-6663(KPF) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws by Defendants; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1(a). **Payment**: PGM shall pay to Plaintiff the gross sum of fourteen thousand dollars ($14,000.00) (the "Settlement Amount"). The Settlement Amount will be paid within 30 days of the Court's so-ordering a Stipulation of Voluntary Dismissal With Prejudice, in substantially the form as annexed hereto as Exhibit A, to be executed by counsel for the parties. The Settlement Amount will be paid as follows: (1) one check to Pablo Tobias Navarro for $3,100.00 with applicable taxes being withheld; and (2) one check payable to "Michael Faillace, Esq., as Attorney for Plaintiff" for $10,900.00. The Settlement Amount shall be delivered to Michael Faillace & Associates, P.C., attention Michael Faillace, Esq., 60 East 42nd Street, Suite 2020, New York, NY 10165. In the event that PGM fails to pay the Settlement Amount, or any part thereof, within 30 days of the Court's so-ordering the Stipulation of Voluntary Dismissal With Prejudice, Defendants PGM and Godard shall be jointly and severally liable to Plaintiff for the unpaid portion of the Settlement Amount.

1(b). Plaintiff shall be solely responsible for any taxes resulting from payments received under this Agreement, and in the event of an audit of Defendants, or either of them, by any taxing authority regarding any payment or payments under this Agreement, Plaintiff shall indemnify and hold Defendants, and each of them, harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants, or either of them, resulting from any payment or payments under this Agreement.

2. **Release and Covenant Not To Sue**: Plaintiff hereby irrevocably and unconditionally releases and forever discharges Defendants, and each of them, from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff has, had or claimed to have against Defendants, or either of them, regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's employment or termination by

Defendants, or either of them, or any liability under any contract, tort, federal, state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Administrative Code, and any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce, this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants, or either of them, of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Dismissal of the Litigation</u>: Plaintiff shall file, within five (5) business days of receipt of this Agreement, a Stipulation of Voluntary Dismissal with Prejudice (in substantially the form of Exhibit A, attached hereto, which is incorporated into this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall promptly execute and submit any and all documents required to fully and finally terminate all such proceedings with prejudice.

5. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by the party against whom such change is sought to be enforced.

6. <u>Acknowledgment</u>: Plaintiff and Defendants acknowledge that they have each been fully and fairly represented by counsel in this matter, including specifically in connection with the negotiation of, and entry into, this Agreement.

7. <u>Notices</u>: Notices required under this Agreement, if any, shall be in writing and shall be deemed given on the second business day following first-class mailing and email transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
Tel: (212) 317-1200
Fax: (212) 317-1620

Email: michael@faillacelaw.com

To Defendants:

Eric M. Nelson
Attorney at Law
112 Madison Avenue, Sixth Floor
New York, New York 10016
Tel.: (212) 354-3666
Fax: (212) 354-2555
Email: emn.law@verizon.net

8.  <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

9.  <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, except if the effect thereof shall be to deny one or another party hereto a material part of the consideration it has received, or is receiving, for entering into this Agreement. Upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. If Plaintiff fails to execute a valid and enforceable release within twenty-one (21) days of either Defendant's request he shall return to PGM the Settlement Amount in full, within seven days thereafter.

10. <u>Release Notification and Withdrawal</u>:

   a.  Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel. Plaintiff acknowledges that it is his choice to waive any existing or potential claims in return for the benefits set forth herein and that he has made this decision after careful thought, and after an opportunity to consult, and actual consultation with, his attorneys. Plaintiff acknowledges that this Agreement has been translated into Spanish for him by said counsel, and that he understands it fully and completely. El demandante reconoce que este Acuerdo ha sido traducida al español para él por dicho consejo, y que él lo entiende totalmente y completamente.

   b.  Plaintiff acknowledges that he has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that whether or not he had utilized all, or any part of such period, he fully understands and agrees to all of the terms hereof.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts

and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**WHEREUPON,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

_____
Pablo Tobias Navarro

STATE OF NEW YORK )
                 )SS.:
COUNTY OF NEW YORK )

On Feb 4, 2014 before me personally came Pablo Tobias Navarro, to me known, and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, and he duly acknowledged to me that he executed the same.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015

_____
Notary Public

PGM NEW YORK, INC.

By: _____
CLAUDE GODARD, its
PRESIDENT

STATE OF NEW YORK )
                 )SS.:
COUNTY OF NEW YORK )

On Feb 10, 2014, before me personally came CLAUDE GODARD, the PRESIDENT of PGM New York, Inc., to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, on behalf of PGM New York, Inc., and he duly acknowledged to me that he executed the same.

ERIC NELSON
Notary Public, State of New York
No. 31-5009988
Qualified in New York County
Commission Expires March 22, 2015

_____
Notary Public

_____
Claude Philip Godard

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NEW YORK  )

On  FEB 10,  , 2014, before me personally came Claude Philip Godard,, to me known, and known to me to be the individual described in, and who executed, the foregoing Settlement Agreement and General Release, and he duly acknowledged to me that he executed the same.

_____
Notary Public

ERIC NELSON
Notary Public, State of New York
No. 31-5009988
Qualified in New York County
Commission Expires March 22, 2015

Upon reviewing the Settlement Agreement as well as the materials submitted by the parties herein, I find the settlement to be both procedurally and substantively fair.  I further find that the award of attorney's fees in the amount of $5,600 to be reasonable.

Dated: February 19, 2014        SO ORDERED.
       New York, New York

                                _____
                                HON. KATHERINE POLK FAILLA
                                UNITED STATES DISTRICT JUDGE